UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRAIRIE MANAGEMENT & DEVELOPMENT, INC., *et al.*, | ) ) ) No. 23 CV 53 ) |
| Plaintiffs, | ) ) |
| v. | ) Magistrate Judge Young B. Kim ) |
| COLUMBIA MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |
| LIBERTY INSURANCE UNDERWRITERS, INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| COLUMBIA MUTUAL INSURANCE COMPANY, | ) ) ) ) June 16, 2025 |
| Defendant. | ) ) |

**MEMORANDUM OPINION and ORDER**

Plaintiffs Prairie Management & Development, Inc., Rockwell Properties, LLC, Scottsdale Insurance Company, and Westfield Insurance Company (collectively "Plaintiffs"), along with Liberty Insurance Underwriters Inc. bring two insurance coverage suits alleging that Defendant Columbia Mutual Insurance Company ("Columbia") has a duty to indemnify them for the settlement they paid in connection with a personal injury lawsuit Eduardo Guzman filed after suffering serious injuries at a construction site ("Guzman Lawsuit"). At the time of his injuries, Guzman was

working for TDH Mechanical, Inc. ("TDH"), and Columbia was TDH's insurer.[1] Before the court is Plaintiffs' third motion to compel Columbia to produce information it withheld on privilege grounds. The current motion pertains to 13 documents, consisting of 38 pages in total, the court ordered Columbia to submit for *in camera* inspection, but Columbia omitted from its submission to the court ("Omitted Documents"). For the following reasons, the motion is granted to the extent described herein:

## Background[2]

Plaintiffs filed two motions to compel in November 2024 seeking responsive discovery that Columbia withheld based on asserted protections ("Withheld Documents"), among other documents. (See R. 82, Pls.' Mem. in Support of Mot. No. 1; R. 84, Pls.' Mem. in Support of Mot. No. 2.) Columbia objected to producing the Withheld Documents, including those relating to its outside counsel Quinn Johnston's handling of Plaintiffs' claims for insurance coverage under the AI Endorsement, on grounds they are protected by the attorney-client ("AC") privilege, the insurer-insured ("Insurer") privilege, and/or the work-product ("WP") doctrine. (See R. 94, Def.'s Consol. Resp.) On February 3, 2025, the court ordered Columbia to submit the Withheld Documents for *in camera* inspection by February 6, 2025. (R.

---

[1] The court's order of March 18, 2024, includes a more fulsome case history and background. (R. 69, March 18, 2024 Mem. Op. and Order.)

[2] The court incorporates by reference the background set forth in its February 24, 2025 Memorandum Opinion and Order (R. 109) ruling on Plaintiffs' two previous motions to compel.

2

106; R. 107.) Columbia responded by timely submitting more than 100 pages of documents, along with a supplemental privilege log. (R. 110, Supp. Priv. Log.) Columbia represented to the court that it "combined the two previously disclosed privilege logs into th[e] Supplemental Log" to promote "judicial economy." (Id. at 2.) But because the supplemental log was not made part of the record, the court ordered Columbia to file it on the docket. (R. 109, Feb. 24, 2025 Mem. Op. and Order at 12 n.5.) On February 24, 2025, the court granted in part Plaintiffs' first two motions to compel, finding that some documents submitted for *in camera* inspection were properly withheld while others were not. The court allowed Columbia until April 30, 2025, to produce additional documents to Plaintiffs in accordance with the court's ruling. (R. 114.)

Soon after the court's ruling, Plaintiffs discovered that some of the documents identified in Columbia's two original privilege logs were not included in the supplemental privilege log. (See R. 117, Pls.' Mot. No. 3 at 3.) They informed Columbia on March 5, 2025, that Columbia omitted certain documents from its *in camera* submission to the court. (R. 117, Pls.' Mot. No. 3 at 3 & Ex. A ¶ 5.) In a meet and confer two days later, Plaintiffs asserted that Columbia had waived any protection over the Omitted Documents by having failed to timely submit them to the court for *in camera* review. (See id. at 3 & Ex. A ¶ 6; see also R. 106; R. 107.) Plaintiffs then demanded production of the Omitted Documents. (R. 117, Pls.' Mot. No. 3 at 3 & Ex. A ¶ 6.) Columbia said it would respond to Plaintiffs but did not do so. (Id. at 3 & Ex. A ¶¶ 5, 6.)

A month later, on April 5, 2025, Plaintiffs again demanded the production of the Omitted Documents. (Id. Ex. A ¶ 7.) Although Columbia produced documents to Plaintiffs on a rolling basis from April 5 to April 30, 2025 in response to the court's ruling on the motions to compel, it did not produce the Omitted Documents. (Id. Ex. A ¶ 8.) As a result, Plaintiffs requested another meet and confer, and after the parties met on May 16, 2025, Columbia still did not produce the Omitted Documents. (Id. at 3 & Ex. A ¶ 9.) On May 21, 2025, Plaintiffs moved to compel Columbia to produce the Omitted Documents, arguing that Columbia waived any protections by failing to timely submit them to the court for *in camera* inspection. (See generally R. 117, Pls.' Mot. No. 3.) In response, on May 22, 2025, Columbia submitted the Omitted Documents to the court for *in camera* inspection. (R. 122, Def.'s Resp. at 3.)

## Analysis

Plaintiffs assert that Columbia cannot show "good cause or diligence" in maintaining a privilege over the Omitted Documents. (R. 117, Pls.' Mot. No. 3 at 5-7.) For support, they point out that Plaintiffs had to "raise the issue" of Columbia's noncompliance with the February 3, 2025 orders, (id. at 6; see also R. 106; R. 107), and even then, Columbia did not act correct its error, (id.). Columbia claims inadvertence in omitting documents from its supplemental privilege log and *in camera* submission. (R. 122, Def.'s Resp. at 2.) But Columbia notes that it identified the Omitted Documents in its original privilege logs, which were filed as exhibits to Plaintiffs' prior motions to compel. (Id.) Columbia thus contends that Plaintiffs have not suffered any prejudice. (Id. at 3.)

4

Under Federal Rule of Civil Procedure 26(b)(5), a party withholding discoverable information based on a privilege or immunity must "expressly make the claim" and "describe the nature of the [information] . . . in a manner that . . . will enable other parties to assess the claim." In prior orders, the court made clear that *in camera* inspection was necessary because "a review of the briefing and [Columbia's] privilege logs alone" did not establish that Columbia had "carried its burden of showing that each Withheld Document is protected." (R. 109, Feb. 24, 2025 Mem. Op. and Order at 11; see also R. 106; R. 107.) Indeed, Plaintiffs expressed concerns that the Withheld Documents related to "business functions inherent in all claims determinations" and, as such, is not privileged or protected. (R. 109, Feb. 24, 2025 Mem. Op. and Order at 11 (citation omitted).) The court's *in camera* review validated these concerns, and the court ordered Columbia to produce certain Withheld Documents following its inspection. (See id. at 12-16.)

Just as "[c]ompliance with Rule 26(b)(5)(A) is not optional," *Rossman v. EN Eng'g, LLC*, 335 F.R.D. 171, 172 (N.D. Ill. 2020) (citation omitted), compliance with court orders is mandatory, *see* Fed. R. Civ. P. 37(b)(2). In either case, noncompliance may result in a waiver of a privilege or protection. *See id.* at 173 ("To withhold materials without [] notice is contrary to [Rule 26(b)(5)], subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection." (internal quotations and citation omitted)); *see also* Fed. R. Civ. P. 37(b)(2)(A) (stating that courts may issue "just orders" where a party "fails to obey an order or permit discovery").) The key inquiry in deciding whether waiver is

5

warranted turns on "whether [a] party's failure [to comply with Rule 26(b)(5)(A)] is mitigated by good faith attempts at compliance" or "the omission results from good faith oversight." *Rossman*, 335 F.R.D. at 173 (citations omitted).

Columbia fails to satisfy this standard. Columbia represented that its supplemental privilege log merely "combined the two previously disclosed privilege logs" and then assured Plaintiffs that there were "no additional assertions of privilege related to any documents in [Columbia's] possession." (R. 110, Supp. Priv. Log at 2.) Plaintiffs had no reason to doubt the veracity of these statements. (R. 117, Pls.' Mot. No. 3 at 3 & Ex. A ¶ 5.) But after Plaintiffs discovered the Omitted Documents and notified Columbia, Columbia waited nearly three months to provide a "substantive response" to Plaintiffs' request for such documents. (Id. at 6.) During that time, Columbia made no effort to inform the court of its error, despite court orders requiring "the documents included in its privilege logs attached to [Plaintiffs' two previous motions to compel]" to be submitted for *in camera* inspection by February 6, 2025. (R. 106; R. 107.) Columbia offers no justification—other than inadvertence—for its cavalier disregard of court orders or its tardiness and lack of diligence in maintaining a privilege over the Omitted Documents. (See R. 122, Def.'s Resp. at 2.)

While courts have been reluctant "to apply the waiver doctrine mechanically" absent evidence showing a lack of good faith, *Rossman*, 335 F.R.D. at 173 (collecting cases), there is no doubt that Columbia failed to exercise good faith in executing its duties and obligations under Rule 26(b)(5)(A) and this court's orders. The court understands that scrivener's errors may occur, and Columbia may have been able to

6

justify the omissions from its supplemental privilege log and *in camera* submission if it had provided notice to Plaintiffs and the court in a timely manner. But here, Columbia did not rectify or even admit its mistake until nearly three months after Plaintiffs raised the issue. Even now, Columbia tries to skirt blame by invoking the parties' Confidentiality and Clawback Agreement, (see R. 117, Pls.' Mot. No. 3 Ex. B), which does not apply to the present circumstances because the Omitted Documents were never produced to Plaintiffs. The court therefore finds substantial justification lacking.

Further, the court disagrees with Columbia's contention that Plaintiffs "cannot demonstrate[] that they have suffered any prejudice as a result of the omission of these documents" because Plaintiffs never even reviewed them. (R. 122, Def.'s Resp. at 3.) Under the amended scheduling order in this case, fact discovery was set to close on January 24, 2025, (R. 80), but the court granted an extension to allow the parties to file motions to compel, (R. 87). The fact discovery deadline has since been extended to allow Columbia to comply with the court's February 24, 2025 ruling on those motions. (See R. 112; R. 114.) Meanwhile, Plaintiffs have been forced to continually expend resources to seek the production of the Omitted Documents. (R. 106; R. 107.) As the party seeking to maintain a privilege over the Omitted Documents, Columbia should have acted promptly to comply with Rule 26(b)(5) and the court's orders. Because it did not, Columbia caused Plaintiffs to incur unnecessary fees and expenses. Accordingly, the motion must be granted.

7

That said, the court still must determine whether any of the Omitted Documents qualify for the asserted protections. In reviewing the documents, the court uses the same legal principles set forth in its prior ruling on this same subject. (See R. 109, Feb. 24, 2025 Mem. Op. and Order at 5-12.) With this framework in mind, the court finds that the Omitted Documents identified in the table below qualify for the AC privilege because they reflect requests for or the provision of legal advice and, where asserted, the WP doctrine because they include attorney mental impressions formulated in anticipation of litigation:

| Supp. Priv. Log 2 | R. 117 Ex. A | Date | Author[3] | Recipient | Description | Privilege Claims |
|---|---|---|---|---|---|---|
| Page Nos. 1-15 | Doc. No. 19 05/20/24 Log | 12/29/20 | VanRheeden | Hubbard | "Updated case assessment including discussion of possible indemnity owed to Prairie . . . and Rockwell" | AC & WP |
| Page Nos. 16-20 | Doc. No. 24 05/20/24 Log | 07/30/20 | VanRheeden | Hubbard | "Litigation review including discussion of declaratory judgment filed by Prairie and Rockwell against Columbia" | AC & WP |

---

[3] According to Columbia's supplemental privilege log, James VanRheeden and Jo Wetherill are attorneys representing Columbia, David Hubbard and Ray Lentz are litigation analysts for Columbia, and Michelle Sells and Paul Bonham are workers compensation specialists for Columbia. Although Karen Johnson is not identified in Columbia's original privilege logs, she appears to be a legal assistant to VanRheeden and Wetherill.

| Supp. Priv. Log 2 | R. 117 Ex. A | Date | Author[3] | Recipient | Description | Privilege Claims |
|---|---|---|---|---|---|---|
| Page No. 21 | Doc. No. 33 05/20/24 Log | 06/04/19 | Hubbard | VanRheeden Sells Bonham | "Regarding declaratory judgment litigation" | AC & WP |
| Page No. 22 | Doc. No. 51 05/20/24 Log | 04/25/22 | Lentz | Wetherill VanRheeden | "Regarding settlement [om Guzman Lawsuit] on behalf of TDH." | AC |
| Page Nos. 23-24 | Doc. Nos. 54, 55 05/20/24 Log | 05/11/22 | Wetherill | Lentz VanRheeden | "Regarding settlement payment in [Guzman Lawsuit]" | AC & WP |
| Page Nos. 25-26 | Doc. No. 36 07/24/24 Log | 05/25/21 | Wetherill | Hubbard | "Discussion of mediation in [Guzman Lawsuit] and expert witnesses" | AC & WP |
| Page Nos. 27-28 | Doc. No. 37 07/24/24 Log | 04/20/21 | VanRheeden | Hubbard | "Discussion of assessment of [Guzman Lawsuit] and testimony of Frank Burg" | AC & WP |
| Page Nos. 29-30 | Doc. No. 44 07/24/24 Log | 09/08/20 | VanRheeden | Hubbard | "Assessment and analysis of Opinion by Seventh Circuit Court of Appeals and demands for indemnity against . . . Columbia" | AC & WP |
| Page Nos. 31-35 | Doc. No. 45 07/24/24 Log | 07/30/20 | VanRheeden | Hubbard | "Assessment and analysis of liability and damages in Guzman Lawsuit" | AC & WP |

9

| Supp. Priv. Log 2 | R. 117 Ex. A | Date | Author[3] | Recipient | Description | Privilege Claims |
|---|---|---|---|---|---|---|
| Page No. 36 | Doc. No. 46 07/24/24 Log | 06/23/20 | VanRheeden | Hubbard Johnson | "Discussion and assessment of deposition of testimony of Michael Stelzner" | AC & WP |
| Page Nos. 37-38 | Doc. No. 47 07/24/24 Log | 06/23/20 | VanRheeden | Hubbard | "Discussion and assessment of deposition of testimony of Michael Stelzner" | AC & WP |

Because the Omitted Documents qualify for the AC and WP protection and Columbia's conduct is neither substantially justified nor harmless, pursuant to the its authority to issue "just orders," the court orders Columbia to reimburse Plaintiffs for fees and expenses they incurred in having to chase down the Omitted Documents from March 5 until June 4, 2025, when they filed a motion for leave to file a reply brief in support of their motion. In the alternative, Columbia may satisfy this financial obligation by producing the Omitted Documents to Plaintiffs.

## Conclusion

For the foregoing reasons, Plaintiffs' motion to compel is granted to the extent described herein.

**ENTER:**

_[signature: Young B. Kim]_
Young B. Kim
United States Magistrate Judge

10